**In re Stephen R. KRAWCZYK, Diane A. Krawczyk, Debtors.**

**Stephen R. KRAWCZYK, Diane A. Krawczyk, Plaintiffs,**

**v.**

**UNITED STATES of America, Williams Marketing Services, Inc., Defendant.**

Bankruptcy No. 96–65682.
Adversary No. 96–6376.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 10, 1997.

Dorothy L. Bjork, Atlanta, GA, for Plaintiffs.

Ann Reid, U.S. Dept. of Justice, Tax Division, Washington, DC, for United States.

Otis Byron Meredith, III, Morris, Schneider & Pryor, L.L.C., Atlanta, GA, for Williams Marketing Services, Inc.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

By order entered December 19,1996, Defendant's motion to compel discovery was granted; Plaintiffs were directed to serve their responses to Defendant's discovery requests on or before January 13, 1997. Plaintiffs failed to comply with the December 19, 1996 order by filing a certificate of such compliance and, therefore, hearing on the motion to compel was held January 24, 1997. Plaintiffs produced discovery responses at that hearing but those responses were 11 days late, were not verified and were incomplete.

On February 11, 1997, Defendant filed a motion for imposition of sanctions. Plaintiffs filed a response to that motion February 28, 1997. That response was not timely filed. *See,* LR 220–1(b), NDGa, incorporated in BLR 705–2 NDGa. Plaintiffs' response does not challenge the reasonableness and necessity for the fees and expenses set forth in the motion. Plaintiffs' response does not dispute the fact that the responses to Defendant's discovery requests were late and incomplete. Plaintiffs assert that they have now produced all the documents in their possession which respond to Plaintiffs' discovery requests.

█ Defendant has requested an award of litigation expenses which encompass 9.5 hours at $150 per hour plus $507.50 for expenses for travel from Washington, D.C. to Atlanta, to attend the hearing on the motion to compel. The number of hours expended and the hourly rate are reasonable. The expenses incurred for travel to the hearing are likewise reasonable.

█ Plaintiffs admit they failed to timely answer Defendant's discovery requests. Plaintiffs' refusal to comply with Defendant's discovery requests precipitated the motion to compel and Defendant's attendance at the hearing. At the hearing, Plaintiffs' rationalization for their failure to timely respond to Defendant's discovery requests was their disappointment with a previous ruling by this court and their ambivalence about the bank-

ruptcy system. Those reasons do not justify Plaintiffs' intransigence.

■ Discussed by both Plaintiffs and Defendant in this discovery dispute has been the original loan document which is central to the substantive dispute between Plaintiffs and Defendant regarding Plaintiffs' tax liability. Plaintiffs assert they have not produced the original document because Defendant has not properly requested it. The relevance of the document is undisputed. Defendant is entitled to production of the original document and to the opportunity to examine it to determine its authenticity. Accordingly, it is hereby

ORDERED that Defendant's motion for sanctions is GRANTED. Within 12 days of the date of entry of this order, Plaintiffs shall pay to Defendant in good funds the total sum of $1,932.50 as sanctions for their failure to comply with Defendant's discovery requests and with this court's order compelling such responses. It is further

ORDERED that, on or before March 20, 1997, Plaintiffs shall make available to Defendant the original loan document identified by Plaintiffs in their responses to Defendant's interrogatories.